IDRIS L. YOUNG, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 602, 2007.
Supreme Court of Delaware.
Submitted: August 20, 2008.
Decided: August 22, 2008
Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER
Myron T. Steele, Chief Justice.
This 22nd day of August 2008, it appears to the Court that:
(1) Idris L. Young, defendant-appellant, appeals a Superior Court judge's denial of his motions to sever and for a judgment of acquittal. Young was convicted of Attempted Murder in the First Degree, Assault in the Second Degree, and two counts of Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF).[1] On appeal, Young claims that the trial judge erred by: (i) refusing to sever the Attempted Murder and Assault charges, and (ii) denying his motion for a judgment of acquittal on the Attempted Murder charge. Because the trial judge reasonably exercised discretion in ruling on both motions, we AFFIRM.
(2) On November 22, 2005, Karl Riley was at his girlfriend, Keisha Davis's, home when Young (Davis's ex-boyfriend) arrived. Riley opened the door partially, but tried to push the door closed when he saw Young. Young and Riley struggled on opposite sides of the door for three to four minutes. Young "flipped a knife" and attacked Riley, who suffered a laceration on his face.
(3) On December 12, 2005, Young visited Davis at her apartment. Unknown to Riley at the time, Young and Davis had again become involved in an intimate relationship. When Riley went up the stairs towards Davis's apartment, he encountered Young in the stairwell. According to Riley, Young lunged at him. A witness told the police that she saw two black men fighting in the hallway and that one had a knife. Riley did not see a knife, but felt blood dripping from his shirt. Riley continued arguing with Young in the street, and then blacked out. Corporal Douglas Baylor found Riley lying in the street and asked Riley who had stabbed him. Riley responded that it was Young. Riley was admitted to Christiana Hospital for multiple stab wounds, "one to the chest, one to the abdomen, [and] one to the left arm." Riley's injuries required surgery. Detective Christian Flaherty interviewed Young three days after the incident and during the interview did not detect any cuts or bruises on Young.
(4) The State indicted Young on charges of Assault in the Second Degree, PDWDCF, and PDWPP arising from the November 22 incident. In connection with the December 12 incident, the State charged Young with Attempted Murder in the First Degree, PDWDCF, and PDWPP. Young moved to sever the charges related to the November incident from those relating to the December incident. He also moved to sever the PDWPP charges. The trial judge severed the PDWPP charges, but refused to sever the remaining November charges from the remaining December charges.
(5) At the close of the State's case-in-chief, Young moved for a judgment of acquittal on the Attempted Murder in the First Degree charge pursuant to Superior Court Rule 29(a).[2] Young argued that the State failed to establish, beyond a reasonable doubt, that he intended to kill Riley  an element of the attempted first degree murder charge. The trial judge reserved decision on the motion. The jury returned a guilty verdict on all charges. The trial judge then denied Young's motion for a judgment of acquittal. This appeal followed.
(6) The first issue is whether the trial judge erred by denying Young's motion to sever the charge of Attempted Murder in the First Degree from the Assault in the Second Degree charge. We review a decision on a motion to sever for abuse of discretion.[3] The denial of a motion to sever will not be disturbed unless the defendant demonstrates a "reasonable probability that substantial prejudice may have resulted from a joint trial."[4]
Superior Court Criminal Rule 8(a) permits the joinder of two or more offenses in the same indictment where those offenses "are of the same or similar character or are based on the same act or transaction. . . ." In this case the incidents supporting the charges occurred within 20 days of each other, and involved the same victim, the same weapon (a knife), the infliction of similar injuries, the same witnesses (Davis and Riley), the same investigating officers, and arguably the same motive (jealousy). Therefore, the joinder of the charges was appropriate under Rule 8(a).
Superior Court Criminal Rule 14, however, allows the trial judge to sever offenses and hold separate trials if it appears that a defendant will be prejudiced by the joinder. Young argues that joinder of the charges relating to the November and December incidents prejudiced him because "the jury would consider Young's alleged involvement in a bloody stabbing of Riley on November 22, 2005, as proof of his criminal intent on December 12, 2005." In Wiest, we held that joinder is prejudicial where "the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find[.]"[5]
(7) We do not find any such prejudice here. First, the evidence relating solely to the December incident permitted a jury to find Young guilty of Attempted Murder in the First Degree. Riley testified that Young stabbed him, and the jury heard evidence that Riley and Young were intimately involved with the same woman, which corroborated Riley's testimony and provided a motive for Young's actions. Moreover, the number, nature, and gravity of the stab wounds suffered by Riley on December 12, 2005 sufficiently informed the jury that the person who stabbed Riley intended to kill him. Therefore, the jury did not need to cumulate evidence from the two incidents in order to find Young guilty of Attempted Murder in the First Degree.
Second, the trial judge effectively mitigated any potential prejudice by giving the following instruction to the jury:
The defendant is charged with two separate offences which are set forth in the indictment. These are two separate and distinct offences. You must independently evaluate each offense. The fact that you reach a conclusion with regard to one offense does not mean that the same conclusion will apply to any other offences. These charges are separate and distinct and you must evaluate evidence as to one independently from evidence as to the others.
Finally, even if the charges had been severed, the November incident, and the charges associated with it, would likely have been admissible in a separate trial for Attempted Murder in the First Degree, under D.R.E. 404(b).[6] Thus, because Young has failed to demonstrate any "substantial prejudice," the trial court did not abuse its discretion in denying his motion to sever.
(8) The second issue is whether the Superior Court erred by denying Young's motion for a judgment of acquittal. Young argues that the State introduced insufficient evidence for the jury to find him guilty of Attempted Murder in the First Degree beyond a reasonable doubt. "We review the denial of a motion for judgment of acquittal de novo to determine `whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt.'"[7] "For the purposes of this inquiry, this Court does not distinguish between direct and circumstantial evidence of defendant's guilt."[8]
Young moved for a judgment of acquittal only on the charge of Attempted Murder in the First Degree. To convict for that offense, a jury must find beyond a reasonable doubt that the defendant "[i]ntentionally does . . . anything which, under the circumstances as the person believes them to be, is a substantial step in a course of conduct planned to culminate in the commission of the crime"[9] of first degree murder. "A person is guilty of murder in the first degree when: (1) [t]he person intentionally causes the death of another person. . . ."[10] And "[a] person acts intentionally with respect to an element of an offense when: (1) [i]f the element involves the nature of the person's conduct or a result thereof, it is the person's conscious object to engage in conduct of that nature or to cause that result. . . ."[11] Young argues that the State failed to present sufficient evidence that he intended to kill Riley.
(9) The State's evidence on whether Young intended to kill Riley consisted of the following factors: (1) Young likely was jealous of Riley's relationship with Davis because Davis was Young's ex-girlfriend with whom he had resumed a relationship; (2) Young stabbed Riley three times, including in the chest and the abdomen; (3) those serious stab wounds required surgery; and (4) Young fled after the incident, leaving Riley bleeding in the street. Viewing that evidence in the light most favorable to the State, we conclude that the evidence was sufficient to enable a rational trier of fact to conclude that Young intended to kill Riley. Therefore, the Superior Court did not err by denying Young's motion for a judgment of acquittal.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Young was also indicted on two counts of Possession of a Deadly Weapon by a Person Prohibited. Those charges were severed from this case.
[2] "The court on motion of a defendant . . . shall order the entry of judgment of acquittal of one or more offenses charged in the indictment . . . after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Super. Ct. Crim. R. 29(a).
[3] Wiest v. State, 542 A.2d 1193, 1195 (Del. 1988).
[4] Id.
[5] 542 A.2d at 1195.
[6] D.R.E. 404(b) relevantly provides that "[e]vidence of other crimes, wrongs or acts . . . may . . . be admissible for . . . purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Young's "prior bad act" in November would be relevant to Young's intent in December because both incidents involved the same victim, location, motive, and type of weapon.
[7] Seward v. State, 723 A.2d 365, 369 (Del. 1999) (quoting Robertson v. State, 596 A.2d 1345, 1355 (Del. 1991)) (emphasis in original).
[8] Hardin v. State, 844 A.2d 982, 989 (Del. 2004) (quoting Cline v. State, 720 A.2d 891, 892 (Del. 1998)).
[9] 11 Del. C. § 531.
[10] 11 Del. C. § 636(a).
[11] 11 Del. C. § 213(b).