# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
     )
         Plaintiff,     )
     )
     )
     v.     )     Cr. ID. No.  0511017930A
     )
     )
     )
IDRIS L. YOUNG,     )
     )
         Defendant.     )

Submitted: May 23, 2016
Decided: June 6, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Ipek K. Medford, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorney for the State.

Idris L. Young, *pro se*.

**MANNING**, **Commissioner:**

(1) This 6th day of June, 2016, upon consideration of defendant Idris L. Young's motion for postconviction relief ("Motion"), I find the following:

(2) On October 5, 2006, following a three day jury trial, Young was convicted of Attempted Murder First Degree, Assault Second Degree, and Possession of a Deadly Weapon During the Commission of Felony. A pre-sentence investigation was ordered, with sentencing at a later date. On May 21, 2007, the State filed a motion to declare Young a Habitual Offender pursuant to 11 *Del. C.* § 4214(a). On November 9, 2007, this Court sentenced Young, as a Habitual Offender to a total of 55 years at Level V.

(3) Young subsequently filed a direct appeal to the Delaware Supreme Court. On appeal, Young claimed that the trial judge erred by: (i) refusing to sever the Attempted Murder and Assault charges; and (ii) denying his motion for a judgment of acquittal on the Attempted Murder charge. The Supreme Court found no error, upholding Young's conviction by Order dated August 22, 2008.[1]

(4) Young then timely filed his first *pro se* motion for postconviction relief in this case on August 17, 2009.[2] In his first motion for postconviction relief, Young made three arguments: (i) that trial counsel failed to object to the State's use of preemptory strikes to exclude all African Americans from the jury; (ii) trial

---

[1] *Young v. State*, 2008 WL 3892792 (Del. August 22, 2008).

[2] D.I. #45

1

counsel failed to protect his right to be present during the jury selection process; and (iii) that trial counsel was ineffective for failing to request a lesser included offense jury instruction as to the charge of Attempted Murder First Degree.

(5) Young's motion was referred to a Superior Court Commissioner who, on March 10, 2011, issued findings of fact and a recommendation that Young's postconviction motion be denied.[3] On April 19, 2011, the Commissioner's Recommendation was adopted by the Court upon Order signed by Judge Calvin L. Scott, Jr.[4]

(6) Young then filed a Notice of Appeal with the Delaware Supreme Court. However, by Order dated December 5, 2011, Young's appeal was dismissed pursuant to Supreme Court Rule 29(b) due to his failure to diligently prosecute his appeal by not filing his opening brief and appendix.[5]

(7) Young's case remained dormant until March 4, 2016, when he filed his second *pro se* motion for postconviction relief with the Superior Court.[6]

(8) Pursuant to Superior Court Criminal Rule 62(a)(5), Young's Motion was referred to the undersigned Commissioner on March 15, 2016. Based upon my review of Young's Motion I did not see the need for an evidentiary hearing, nor a

---

[3] D.I. #62

[4] D.I. #63

[5] D.I. #72

[6] D.I. #73

2

second affidavit from defense counsel. However, as Young's Motion raised a number of new issues, I did Order a Response from the State. Young filed a Reply to the State's Response on May 19, 2016.[7] Additionally, Young filed a Motion for Transcripts and Discovery, on May 23, 2016.[8]

(9) Young's most recent claims for postconviction relief, in his own words, are as follows:

> Ground One: Court's must use a framework known as the categorical approach when deciding whether an offense is a "violent felony" U.S.C.A. Const 14.

> Ground Two: Increased sentences must be submitted before the jury U.S.C.A. Const. 14.

(10) Young's arguments do not allege ineffective assistance of counsel claims in the typical sense, so I will not re-state the facts of his case nor the applicable *Strickland* standards. In fact, Young's claims are more akin to legal errors he believes the Court committed during his sentencing hearing based on the State's motion to declare him a Habitual Offender.

(11) The procedural requirements of Superior Ct. Crim. Rule 61 must be addressed before considering the merits of any argument.[9] In this case, Young's second Motion was filed nearly eight years after his convictions became final,

---

[7] D.I. #79

[8] D.I. #80

[9] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

making his motion both untimely and repetitive.  As such, Young's Motion is subject to summary dismissal unless he can satisfy the specific pleading requirements under Rule 61(d)(2).  Young's Motion must:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[10]

(12)  Additionally, both of Young's claims could have been raised, but were not, in his first 2009 motion for postconviction relief.  Because Young did not raise these arguments at that time, and they do not satisfy the pleading requirements of Rule 61(d)(2)(i) or (ii), both claims could be summarily dismissed by the Court.  However, I will address the merits of both of Young's claims to complete the record.

### Ground One

(13) In his first claim, Young's argues that the Court improperly found him to be a Habitual Offender because it did not use a "categorical approach" when determining if his prior convictions should be classified as "violent felonies."

---

[10] Rule 61(d)(2)(i) and (ii).

4

Young cites to the United State Supreme Court decision in *Johnson v. United States*, 2015 WL 2473450, 135 S.Ct. 2551 (June 26, 2015), in support of his argument.[11]

(14) The *Johnson* case, as cited by Young, is inapplicable to the facts of his case. Young was sentenced as a Habitual Offender under Delaware law, not an enhanced sentence under the Armed Career Criminal Act, which is a federal law.[12] The Delaware Habitual Offender statute, 11 *Del. C.* § 4214(a), provides for enhanced penalties for any person who has three prior felony convictions upon conviction for a forth felony. If the fourth felony is a "violent felony" then the penalties are further enhanced. The specific crimes that constitute a "violent felony" are specifically enumerated under § 4201(c). Thus, Delaware's Habitual Offender statute actually does use a "categorical approach" because the sentencing judge need not inquire as to the facts underlying the conviction. A Delaware

---

[11] In *Johnson*, the Supreme Court found the so-called "residual clause" of the Armed Career Criminal Act unconstitutionally vague and held that courts must use a "categorical approach" when deciding whether an offense is a violent felony, looking to the fact that the defendant has been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.

[12] 18 U.S.C.A. § 924(e)(2)(B) states that "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and…."

sentencing judge need look no further than the crimes listed under § 4201(c) to see if the forth felony qualifies as a "violent felony" under Delaware law.

(15) In this case, Young's convictions for Attempted Murder and Assault Second Degree are both listed as "violent felonies" under § 4201(c). It is not necessary that Young's three prior predicate felony convictions (Aggravated Menacing, felony Shoplifting and Possession of a Deadly Weapon by a Person Prohibited) also qualify as "violent felonies" under § 4201(c) before Young was subject to enhanced penalties under § 4214(a). Therefore, Young's argument is without merit.

## Ground Two

(16) Young's second argument is that his "enhanced sentence under the Habitual Offender Status [sic] and each count was never properly introduced to the jury, nor was Habitual Counts properly introduced under colloquy."[13] Young argues that this is a violation of his due process rights, citing to the United States Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

(17) Ignoring the fact that the last thing Young—or any defendant for that matter—would want a jury to hear about are prior felony convictions, his reliance on *Apprendi* is misplaced. As *Apprendi* clearly holds, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond

---

[13] Motion at 8.

6

the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[14]  It is clear from the record that Young's sentence was enhanced based solely on his three prior felony convictions—a sentencing factor that *Apprendi* specifically excludes from its holding. Accordingly, Young's argument is without merit.

(18) Finally, Young's Motion for Transcripts and Discovery should be denied.  The docket indicates that Young has been previously provided copies of trial transcripts and the Court is not in possession of any "Discovery" that would not have already been provided to him.

For the foregoing reasons, Young's Motion should be DENIED.

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc:   Prothonotary
cc:   Defendant

---

[14] *Apprendi*, 530 U.S. *at* \*490 (emphasis added).